IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DOYLE'S CAROLINA 7, LLC, et al.**,

    Plaintiffs,                                         No. CV 08-1507-AC

        v.                                               OPINION AND ORDER

**DAVID THURBER, et al.**,

    Defendants.

        **MOSMAN, J.**,

On March 7, 2011, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [63] in the above-captioned case recommending that I grant the defendants' motion to dismiss [40]. The plaintiffs objected [65], and the defendants responded [69]. I adopt the F&R in part.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1

While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The plaintiffs object to the F&R's finding that this court lacks subject matter jurisdiction over the case and personal jurisdiction over William Almon Sr. (Objections [65] 1–4.) I adopt the F&R's analysis and its conclusion that this court lacks personal jurisdiction over Mr. Almon. However, in light of the new information provided regarding diversity, I find that this court has subject matter jurisdiction based on diversity.

In their summary judgment briefs the parties discussed extensively this court's subject matter jurisdiction based on a federal question and supplemental jurisdiction. However, it was not until their response to the F&R that the plaintiffs seriously discussed diversity jurisdiction. (*See* Objections [65] 7 n.2.)

The plaintiffs have clearly established diversity jurisdiction. For diversity purposes an LLC has the citizenship of all its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Doyles are the sole members of the LLCs (Slater Decl. [60] 1–2), and they are citizens of California. (Am. Complaint [25] ¶ 5; *see also Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) (holding that a court may consider affidavits and declarations when deciding a motion to dismiss for lack of subject matter jurisdiction.).) The defendants are citizens of Washington and Oregon, and the amount in controversy exceeds $75,000, so this court has diversity jurisdiction.[1]

---

[1] The defendants cite *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 296 (9th Cir. 1989), to argue that I should not take up this issue because diversity must be determined at the time the case is filed, but the plaintiffs argued diversity jurisdiction for the first time in their objections to the F&R. The defendants misread this case, which holds merely that diversity must be determined according to the facts that existed at the beginning of the

## CONCLUSION

Upon review, I ADOPT the F&R [63] in part. I GRANT the defendants' motion to dismiss [40] for lack of personal jurisdiction over Mr. Almon, but DENY the motion as to subject matter jurisdiction.

IT IS SO ORDERED.

DATED this   29th   day of April, 2011.

/s/ Michael W. Mosman     
MICHAEL W. MOSMAN  
United States District Court

---

case. Here, the citizenship of the parties has not changed, so the facts in place at the time the case was filed support diversity jurisdiction.